REID G. JOHNSON, WSBA #44338
LUKINS & ANNIS, P.S.
717 W Sprague Ave, Suite 1600
Spokane, WA  99201-0466
Telephone: (509) 623-2012
E-mail: rjohnson@lukins.com

BASSAM N. IBRAHIM, *Pro Hac Vice Forthcoming*
BRYCE J. MAYNARD, *Pro Hac Vice Forthcoming*
S. LLOYD SMITH, *Pro Hac Vice Forthcoming*
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, Virginia 22314
Tel.:  (703) 836-6620
bassam.ibrahim@bipc.com
bryce.maynard@bipc.com
lloyd.smith@bipc.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UPPER COLUMBIA MEDIA ASSOCIATION<br><br>Plaintiff,<br><br>v.<br><br>OLIVET NAZARENE UNIVERSITY<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT<br><br>Jury Trial Demanded |

COMPLAINT: 1

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

9/25/23

Plaintiff Upper Columbia Media Association ("Plaintiff"), by and through its undersigned counsel, for its complaint against Defendant Olivet Nazarene University ("Defendant"), hereby alleges and states the following:

## NATURE AND BASIS OF ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202, seeking a declaration that Plaintiff's registration and use of the marks SHINE 104.9 and SHINE FEST ("Plaintiff's Marks") does not infringe upon Defendant's alleged rights in the mark SHINE ("Defendant's Alleged SHINE Mark") or constitute unfair competition or false designation of origin under the Lanham Act, and that Plaintiff's registration and use of the domain name <shine1049.org> does not constitute cybersquatting under the Lanham Act.

2. This action arises out of Defendant's filing of a Petition for Cancellation of Plaintiff's U.S. Reg. Nos. 6,045,426 and 6,045,559 for Plaintiff's Marks with the Trademark Trial and Appeal Board on April 10, 2023 (attached as Exhibit 1) and Defendant's subsequent demands in an September 6, 2023 e-mail to Plaintiff (Exhibit 2), which included a complaint for trademark infringement that

COMPLAINT: 2

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

Plaintiff threatened to file in U.S. District Court if Defendant did not cease its use of Plaintiff's Marks (Exhibit 3).

## THE PARTIES

3. Plaintiff Upper Columbia Media Association is a Washington nonprofit corporation with a place of business at 3715 South Grove Road, Spokane, Washington, 99224.

4. Upon information and belief, Defendant Olivet Nazarene University is an Illinois not-for-profit corporation with a place of business at 1 University Ave, PO 592, Bourbonnais, Illinois, 60140.

## JURISDICTION

5. This action arises out of the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202, and the Lanham Act, 15 U.S.C. §1051 et seq. This court thus has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §1338.

6. Defendant is subject to the personal jurisdiction of this Court because Defendant has availed itself of the rights and benefits of the State of Washington, has regularly conducted business in the State of Washington, and has systematic and continuous business contacts with the State of Washington.

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

Furthermore, Defendant's false assertions of trademark infringement were directed to Plaintiff in the State of Washington. This Court thus has both general and specific personal jurisdiction over Defendant.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, since a substantial part of the events giving rise to the claims against Defendants occurred in this District.

## FACTUAL BACKGROUND

8. Plaintiff is a media company affiliated with the Seventh-day Adventist Church and is a subsidiary of the Upper Columbia Conference of Seventh-day Adventists. The Conference is an administrative unit of the Seventh-day Adventist Church serving eastern Washington and northern Idaho.

9. Plaintiff owns several radio stations in eastern Washington and northern Idaho that broadcast Christian programming, including a station in Spokane, Washington that broadcasts under the call sign KEEH.

10. Plaintiff's radio station KEEH began broadcasting in 1993.

11. The radio signal broadcast by Plaintiff's KEEH and its other radio stations can generally only be received over the air in the Spokane, Washington metropolitan area and in parts of Eastern Washington and Northern Idaho, although

COMPLAINT: 4

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

consumers can also listen to the station through Plaintiff's web site at <shine1049.org> or through Plaintiff's "Shine 104.9 – KEEH" mobile application or various other online radio web sites and applications. Plaintiff states in its programming that it provides "Christian music for Spokane and North Idaho."

12. In early 2016, Plaintiff began using the name and mark SHINE 104.9 in connection with Plaintiff's radio station KEEH.

13. Defendant is a private Christian university located in Bourbonnais, Illinois. Upon information and belief, Defendant is affiliated with the Church of the Nazarene.

14. Upon information and belief, Defendant is the owner of the radio station WONU, which broadcasts on the frequency 88.3. Upon information and belief, Defendant brands its WONU radio station as "Shine FM."

15. Upon information and belief, the signals from Defendant's Shine FM radio stations can generally only be received over the air in Northeastern Illinois, Northwestern and North Central Indiana, and the Lansing, Michigan metropolitan area, although Defendant also claims to transmit its radio programming over the Internet.

COMPLAINT: 5

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

## THE PARTIES' MARKS

16. Defendant obtained a trademark registration for the mark SHINE.FM in connection with "educational and entertainment services, namely, production and distribution of radio programs for others" in March of 2012 (U.S. Reg. No. 4,113,384).

17. Defendant uses its SHINE.FM mark in a distinctive logo format, as shown below:



COMPLAINT: 6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

18. Plaintiff began using the name and mark SHINE 104.9 in early 2016, at which time Plaintiff had no knowledge of Defendant or of Defendant's alleged rights in Defendant's Alleged SHINE Mark.

19. Plaintiff uses its SHINE 104.9 mark in combination with a highly distinctive logo, as shown below ("Plaintiff's SHINE 104.9 Logo Mark"), which is entirely different from the logo used by Defendant for Defendant's Alleged SHINE Mark:



20. Plaintiff has been using Plaintiff's SHINE 104.9 Logo Mark continuously since 2016, with no instances of consumer confusion with Defendant's Alleged SHINE Mark or any other mark.

COMPLAINT: 7

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

21.     Plaintiff filed a trademark application with the United States Patent and Trademark Office on April 23, 2019 to register Plaintiff's SHINE 104.9 Logo Mark in connection with "production of radio programs" in Class 41.

22.     The USPTO did not cite Defendant's Alleged SHINE Mark or any other prior marks as bars to registration of Plaintiff's SHINE 104.9 Logo Mark, and issued a Certificate of Registration for Plaintiff's SHINE 104.9 Logo Mark to Plaintiff on May 5, 2020.

23.     Plaintiff also uses the mark SHINE FEST in connection with an annual music festival in Spokane, Washington featuring live public performances by contemporary Christian singers, musicians, and speakers.

24.     Plaintiff also uses the SHINE FEST mark as a highly distinctive logo ("Plaintiff's SHINE FEST Logo Mark"), which is likewise completely different from the logo used by Defendant for Defendant's Alleged SHINE Mark:



COMPLAINT: 8

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

25.  Plaintiff has been using its SHINE FEST Logo Mark continuously since 2016, with no instances of actual confusion with Defendant's Alleged SHINE Mark or any other mark.

26.  Plaintiff filed a trademark application with the United States Patent and Trademark Office on May 28, 2019 to register Plaintiff's SHINE FEST Logo Mark in connection with "producing and staging an annual music festival featuring live public performances by contemporary Christian singers, musicians, and speakers" in Class 41.

27.  Again, the USPTO did not cite Defendant's Alleged SHINE Mark as a bar to registration of Plaintiff's SHINE FEST Logo Mark, and issued a Certificate of Registration for the Plaintiff's SHINE FEST Logo Mark to Plaintiff on May 5, 2020.

28.  The term "Shine" is extremely weak and diluted in connection with radio production and broadcasting services, and there are numerous third parties using marks containing "Shine" in connection with radio production and broadcasting services and closely related goods and services.

29.  Plaintiff's Marks are distinguishable from Defendant's Alleged SHINE Mark in appearance, pronunciation, and commercial impression, due to the

COMPLAINT: 9

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

9/25/23

addition of the terms 104.9 and FEST in Plaintiff's Marks and the significant differences in the distinctive logos used by the parties.

30. The parties' geographic markets are completely different and do not overlap.

31. Consumers of both parties' services are knowledgeable and sophisticated and exercise a high degree of care in determining which radio station to listen to.

32. The parties have been using their respective marks contemporaneously for at least seven years with zero instances of actual consumer confusion.

33. The USPTO reviewed Plaintiff's trademark applications for Plaintiff's Marks and concluded that Plaintiff's Marks were not confusingly similar to any previously registered marks, including Defendant's Alleged SHINE Mark.

34. As a result of the factors listed in Paragraphs 28-34, and other factors, Plaintiff's Marks are not confusingly similar to Defendant's Alleged SHINE Mark.

**DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY**

35. On April 10th, 2023, Defendant filed a Petition for Cancellation with the Trademark Trial and Appeal Board, seeking the cancellation of Plaintiff's U.S.

COMPLAINT: 10

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

Reg. Nos. 6,045, 426 and 6,045,559 for Plaintiff's Marks. The Petition for Cancellation alleged that "[Plaintiff's] marks SHINE 104.9 and SHINE FEST, when used in connection with the services set forth in the registration, are likely to cause confusion, mistake, or to deceive as to the origin, source, sponsorship or affiliation of Registrants' services within the meaning of 15 U.S.C. 1052(d)."[1]

36. Plaintiff's counsel and Defendant's counsel had a telephone call on July 5, 2023 in which Plaintiff's counsel explained that the parties' marks had peacefully coexisted for nearly seven years and expressed Plaintiff's belief that the parties' marks could continue to coexist. Defendant's counsel stated that he would discuss the terms of a possible coexistence agreement with Defendant and revert to Plaintiff shortly.

37. However, on August 16, 2023 Defendant's counsel sent an e-mail to Plaintiff's counsel in which Defendant's counsel stating that Defendant was unwilling to consider a coexistence agreement, and demanding that Plaintiff begin rebranding away from the SHINE mark (Exhibit 4).

---

[1] The Petition also alleged that Plaintiff had committed fraud on the USPTO, but this claim was dismissed after Plaintiff filed a Motion to Dismiss.

COMPLAINT: 11

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

38. On September 6, 2023, Defendant's counsel sent another e-mail to Plaintiff's counsel in which Defendant's counsel stated that Defendant was "committed" to litigating this dispute against Plaintiff if necessary (Exhibit 2). Defendant's counsel also attached a complaint against Plaintiff in U.S. District Court alleging trademark infringement, unfair competition, false designation of origin, cybersquatting, and violation of state laws, and requesting injunctive relief, monetary damages, and attorneys' fees (Exhibit 3).

39. The filing of the Petition for Cancellation, along with the sending of a fully realized complaint alleging trademark infringement, unfair competition, and cybersquatting, clearly and unambiguously demonstrate Defendant's intent to take legal action to enforce its alleged trademark rights.

40. There is currently a justiciable controversy regarding Plaintiff's right to use and register Plaintiff's Marks free from any allegation by Defendant that such conduct constitutes an infringement of Defendant's purported trademark rights.

//

//

//

COMPLAINT: 12

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

# COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

41. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 40 of this Complaint and incorporates them herein by reference.

42. There is an actual and justiciable controversy by way of the credible threat of immediate litigation by Defendant against Plaintiff to enforce Defendant's alleged trademark rights.

43. Plaintiff's Marks are not confusingly similar to Defendant's Alleged SHINE Mark due to the weak nature of the mark, the differences in the parties' geographic market areas, the sophistication of the relevant consumers, the lack of actual confusion despite numerous years of coexistence, and other factors.

44. Plaintiff is entitled to a declaratory judgment stating that it is not infringing, has not infringed, and is not liable for infringing Defendant's Alleged SHINE Mark or any other allegedly enforceable trademark owned by Defendant in violation of the Lanham Act, 15 U.S.C. §1114.

//

//

COMPLAINT: 13

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

# COUNT II

## DECLARATORY JUDGMENT OF
## LACK OF UNFAIR COMPETITION AND/OR FALSE DESIGNATION OF ORIGIN

45. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 40 of this Complaint and incorporates them herein by reference.

46. There is an actual and justiciable controversy by way of the credible threat of immediate litigation by Defendant against Plaintiff to enforce Defendant's alleged trademark rights.

47. Plaintiff's Marks are not confusingly similar to Defendant's Alleged SHINE Mark due to the weak nature of the mark, the differences in the parties' geographic market areas, the sophistication of the relevant consumers, the lack of actual confusion despite numerous years of coexistence, and other factors.

48. Plaintiff is entitled to a declaratory judgment stating that it has not committed unfair competition or false designation of origin under the Lanham Act, 15 U.S.C. 1125(a).

//

//

COMPLAINT: 14

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

# COUNT III

## DECLARATORY JUDGMENT OF NO CYBERSQUATTING

49. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 40 of this Complaint and incorporates them herein by reference.

50. There is an actual and justiciable controversy by way of the credible threat of immediate litigation by Defendant against Plaintiff alleging a claim for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d).

51. Plaintiff's <shine1049.org> domain name is not confusingly similar to Defendant's Alleged SHINE Mark, due to the weak nature of the mark, the differences in the parties' geographic market areas, the sophistication of the relevant consumers, the lack of actual confusion despite numerous years of coexistence, and other factors.

52. Plaintiff had no knowledge of Defendant's Alleged SHINE Mark when it registered and began using the <shine1049.org> domain name.

53. Plaintiff had no bad faith intent to profit from the <shine1049.org> domain name when it registered and began using the domain name, and has no bad faith intent to profit from the <shine1049.org> domain name today.

COMPLAINT: 15

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

54. Plaintiff is entitled to a declaratory judgment stating that it has not committed cybersquatting under the Lanham Act, 15 U.S.C. 1125(d).

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor and grant the following relief:

A. An order declaring that Plaintiff has not infringed any valid, distinctive, and enforceable trademark owned by Defendant;

B. An order declaring that Plaintiff has not committed unfair competition or false designation of origin;

C. An order declaring that Plaintiff has not committed cybersquatting by virtue of its registration and use of the domain name <shine1049.org>;

D. An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Plaintiff; and

E. An order awarding such other and further relief, at law or in equity as this Court deems just and proper.

COMPLAINT: 16

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9/25/23

DATED this 25th day of September, 2023.

                                              LUKINS & ANNIS, P.S.


By: /s/ Reid G. Johnson
    REID G. JOHNSON WSBA#44338
    717 W Sprague Ave, Suite 1600
    Spokane, WA  99201-0466
    Telephone: (509) 623-2012
    E-mail: rjohnson@lukins.com


BUCHANAN INGERSOLL & ROONEY PC

Bassam N. Ibrahim
Bryce J. Maynard
S. Lloyd Smith
1737 King Street, Suite 500
Alexandria, Virginia 22314
Tel.: (703) 836-6620
Fax: (703) 836-2021
bassam.ibrahim@bipc.com
bryce.maynard@bipc.com
lloyd.smith@bipc.com

*Attorneys for Plaintiff*

COMPLAINT: 17

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

9/25/23