HON. STANLEY A. BASTIAN

WILLIAM J. SCHROEDER
**KSB LITIGATION, P.S.**
510 W. Riverside Ave., Ste. 300
Spokane, WA 99201
(509) 624-8988
william.schroeder@ksblit.legal
*Attorneys For Defendant/Counterclaim Plaintiff*

JASON ELSTER
**ELSTER & MCGRADY, LLC**
3847 N. Lincoln Avenue
Second Floor
Chicago, IL 60613
(312) 515-5565
jason@elstermcgrady.com
*Attorneys for Defendant/Counterclaim Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UPPER COLUMBIA MEDIA ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>OLIVET NAZARENE UNIVERSITY,<br><br>Defendant, | No. 2:23-cv-00276-SAB<br><br>**OLIVET NAZARENE UNIVERSITY'S MOTION TO CONSOLIDATE**<br><br>Without Oral Argument<br>February 8, 2024 |

ONU'S MOTION TO CONSOLIDATE - 1

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(a), Defendant/Counterclaim Plaintiff Olivet Nazarene University ("ONU") respectfully requests that the Court consolidate this action with the related action recently filed in this District and assigned to this Court: *Olivet Nazarene University v. Upper Columbia Mission Society* et al., Case No. 2:23-cv-00345-SAB (collectively with this action, the "Related Actions").

The Related Actions each arise from the non-moving parties' (the "defendants") unauthorized registration and use of ONU's SHINE trademarks and involve overlapping facts and legal issues, including ONU's senior rights in the SHINE trademarks, actual consumer confusion experienced by ONU (presumably also experienced by the defendants), and the likelihood that additional consumers will be confused by defendants' use of ONU's SHINE trademarks. Without consolidation, the parties in the Related Actions would need to respond to multiple sets of discovery on the same or similar issues, produce the same witnesses for multiple depositions and live testimony, and the Court will be faced with multiple rounds of briefing on the same or highly similar trademark, discovery, and summary judgment issues. In contrast, the defendants will face no prejudice from consolidating the Related Actions, which were filed approximately two months apart and are both in their early procedural stages.

Given the plain and substantial overlap in facts and law between these Related Actions, and in the interests of judicial and litigant economy, ONU requests that the Court consolidate the Related Actions.

The defendants are each represented by the same counsel. Counsel for ONU conferred with counsel for defendants, and defendants oppose consolidation and did not provide a reason for opposing consolidation.

## BACKGROUND

### I. The Declaratory Judgment Action

On September 26, 2023, Plaintiff/Counterclaim Defendant Upper Columbia Media Association ("UCMA") initiated these proceedings by filing a declaratory judgment complaint in the present action (the "DJ Action") asking this Court to declare that it is not liable to ONU for i) infringing ONU's SHINE trademarks, ii) engaging in unfair competition related to its use of ONU's SHINE trademarks, and iii) cybersquatting by using ONU's SHINE trademarks in its domain names (the "DJ Complaint"). *See* Dkt. 1, pp. 13-16 (DJ Complaint). In the DJ Complaint, UCMA alleges that it is a subsidiary of the Upper Columbia Conference of Seventh-day Adventists, and that it owns and operates multiple radio stations that broadcast Christian music and related radio programming over the airwaves using the trademark SHINE 104.9. *Id.* at 8, 9, 11-12. In addition to its on-air radio services, UCMA alleges that it owns and operates the website <shine1049.org>, which it uses to transmit the same Christian radio programing to consumers anywhere they can access the Internet. *Id.* at 11. The DJ Complaint also alleges

that UCMA uses the trademark SHINE FEST to host an annual music festival "featuring live public performances by contemporary Christian singers, musicians, and speakers." *Id.* at 23. When it filed the DJ Action, UCMA declined to include as parties Upper Columbia Mission Society ("UCMS"), Upper Columbia Corporation of Seventh-day Adventists d/b/a Upper Columbia Conference of Seventh-day Adventists ("UCC"), or Arthur Lenz ("Lenz").

On November 15, 2023, ONU filed its Answer and Counterclaims, which allege that UCMA's use of ONU's SHINE trademarks constitutes trademark infringement (Count I), unfair competition (Count II), cybersquatting (Count III), and that UCMA infringed ONU's SHINE trademarks under the common law of Illinois, Indiana, Michigan, Washington, and Idaho (Counts IV-VIII). *See* Dkt. 22 (ONU's Answer and Counterclaims).

On December 5, 2023, UCMA filed its Answer to ONU's Counterclaims, in which UCMA admits ONU's allegations that this Court has jurisdiction over the parties and counterclaims, and that this Court is the proper venue for ONU's Counterclaims. *See* Dkt. 24 at ¶¶ 3-6 (UCMA Answer to Counterclaims).

## II. The Direct Action

Because the DJ Complaint omitted parties necessary to resolving ONU's infringement and cybersquatting allegations related to the defendants' unauthorized use of ONU's SHINE trademarks, on November 28, 2023, ONU filed the related lawsuit, *ONU v. UCMS* et al., Case No. 2:23-cv-00345-SAB (the "Direct Action"). *See* Direct Action, Dkt. 1 (Complaint). In the Direct Action,

ONU asserts claims for cybersquatting and contributory infringement arising from UCMS's, UCC's, and Lenz's use of ONU's SHINE trademarks. *See id.* Specifically, Count I of the Direct Action alleges that UCC and Lenz violated the Anticybersquatting Consumer Protection Act ("ACPA") by registering and transferring <shine1049.com>, <shine1049.net>, and <shine1049.org> (the "Infringing Domain Names"). *Id.* at ¶¶ 86-96. Count II of the Direct Action asserts a claim against UCC and UCMS for intentionally inducing and contributing to UCMA's infringement of ONU's SHINE trademarks. *Id.* at ¶¶ 97-105.

The Direct Action also states that "ONU filed counterclaims against UCMA arising from UCMA's use of SHINE in related [DJ Action] pending before this Court and intends to seek consolidation of the present lawsuit with [the DJ Action]." *Id.* at ¶ 5. As foreshadowed in its Answer and Counterclaims filed in the Direct Action, ONU now seeks to consolidate the Related Actions so the Court can resolve all of ONU's claims related to defendants' unauthorized use of its SHINE trademarks at the same time in a single forum.

## LEGAL STANDARD

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." Fed. R. Civ. P. 42(a). A court has "broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Rsch. Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989). Once a court identifies a common question of law or fact, it generally weighs "the savings of time and effort consolidation will produce against

any inconvenience, delay, confusion, or prejudice that may result." *Rittmann v. Amazon.com, Inc.*, No. C16-1554-JCC, 2019 WL 2994634, at *1 (W.D. Wash. July 9, 2019); *see also Bedrock Masonry, Inc. v. Innovative Constr. & Design Ltd.*, No. 2:19-CV-375-SMJ, 2020 WL 4196036 (E.D. Wash. July 21, 2020).

## ARGUMENT

I.  **The Related Cases Should Be Consolidated Because They Involve Overlapping Factual and Legal Issues.**

Consolidation under Rule 42 "requires simply 'a common question of law or fact' and not that common legal and factual questions predominate." *Terwilleger v. Grays Harbor Cty.*, No. 3:19-cv-5215 RBL-JRC, 2019 WL 2118776, at *2 (W.D. Wash. May 14, 2019); FED. R. CIV. PROC. 42(a). In other words, consolidation is appropriate even where the cases share only *a single* issue of fact or law. *See Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743-TL, 2022 WL 4483123, at *3 (W.D. Wash. Sept. 27, 2022) (emphasizing that Rule 42(a) authorizes consolidation of cases that "involve *a* common question of fact or law or fact") (emphasis in original).

Indeed, consolidation is preferred even where the cases have important factual distinctions. In *Gray v. Suttell & Associates*, No. CV-09-251-EFS, 2010 WL 11437034 (E.D. Wash. Dec. 29, 2010), the court consolidated two actions because the defendants' "debt-collecting system underlie[s] all claims." *Id.* at *2. The court did so even though the cases challenged different aspects of defendants' debt-collection practices. *Id.* Notably, unlike here, the cases were "in two different stages of litigation," with one case having fully briefed class certification and

summary judgment motions, while the other was still in its infancy. *Id.* Those differences notwithstanding, the *Gray* court reasoned that consolidation would "result in considerable savings to the judicial system: litigating the suits separately could result in unnecessary discovery duplication and inconsistent determinations of the same factual and legal issues." *Id.* Similarly, in *Bedrock Masonry, Inc. v. Innovative Constr. & Design Ltd.*, No. 2:19-CV-429-RMP, 2020 WL 4196036 (E.D. Wash. July 21, 2020), the court consolidated two contract disputes despite the "distinct factual determinations that may have to be made regarding [the two plaintiffs] and their respective relationships" because consolidation would nonetheless "result in reduced costs and increased efficiencies." *Id.* at *2.

Here, ONU's trademark rights underlie each claim in each of the Related Actions. In the DJ Action, UCMA alleges that it is not infringing ONU's trademark rights, and ONU counterclaims that UCMA is infringing ONU's trademark rights by using SHINE 104.9 and SHINE FEST to offer the same services as ONU to the same consumers. ONU also alleges in the DJ Action that UCMA is violating ONU's trademark rights by using the Infringing Domain Names, which contain ONU's SHINE trademark. Likewise in the Direct Action, ONU alleges that UCC and Lenz violated ONU's trademark rights by registering the Infringing Domain Names, and that UCC and UCMS intentionally induced and contributed to UCMA's infringement of ONU's SHINE trademarks. Consolidation under Rule 42 is appropriate here because each claim in the Related

ONU'S MOTION TO CONSOLIDATE - 7

Actions involves the same issue: whether defendants are liable for their unauthorized use of ONU's SHINE trademarks.

As the Related Actions progress, they will involve very similar, if not overlapping discovery issues. Without a consolidated, coordinated pretrial process, ONU is likely to be subject to parallel but not identical discovery, which will, among other things, require ONU to produce some of the same witnesses for multiple depositions, respond to multiple sets of written discovery on the same or similar issues, and produce duplicative documents and data. It would be more efficient and far less burdensome—for both ONU and the Court—to have a unified discovery process that covers the overlapping issues.

Moreover, if the Related Actions proceed without consolidation, the Court likely will have to review and rule on separate summary judgment briefs in different cases, not to mention scheduling and conducting two separate trial schedules with overlapping witnesses, all regarding defendants' use of ONU's SHINE trademarks.

As in the cases cited above, the significant overlap in questions of law and fact across the Related Actions weighs heavily in favor of consolidation.

## II. Consolidation Will Promote Judicial Economy and Not Cause Delay or Prejudice.

Consolidating the Related Actions would not result in delay, inconvenience, or prejudice. *See Rittmann*, 2019 WL 2994634, at *1-2. The Related Actions were initiated approximately two months apart and are each in their nascent stages and in a similar procedural posture. The Related Actions are both pending before this

Court, so from the Court's perspective it makes imminent sense to shepherd the cases together as opposed to holding separate hearings on the same scheduling and substantive motions, with the related risk of inconsistent rulings on the same issues. Consolidation now is "preferable to consolidating at a later stage, as it will serve to avoid duplicative motions practice and discovery." *Terwilleger*, 2019 WL 2118776, at *4.

The most efficient course is for the Court to consolidate the Related Actions and order ONU to file a "consolidated amended complaint [that] will act as a complete replacement for the original complaints." *Terwilleger*, 2019 WL 2118776, at *2. Defendants could then respond to a single, unified action. That would also promote judicial efficiency by avoiding this Court being required to preside over substantially similar claims and discovery processes in parallel. *See Gray*, 2010 WL 11437034, at *2. And if the cases were to proceed to trial, a single consolidated case would be far more efficient. *See, e.g., Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861 RSM, 2013 WL 6008308, at *4 (W.D. Wash. Nov. 13, 2013) ("Judicial economy is undoubtedly advanced by consolidating these related actions into a single trial and moving them both toward resolution of a long-protracted dispute.").

Finally, consolidation will not prejudice any party. While defendants oppose consolidation, no party has articulated any plausible risk of prejudice. Nor can they. Given the early stage of each of the Related Actions, and the plainly overlapping nature of the claims, there is no basis to argue that any party could

plausibly be prejudiced by consolidation. *Uniloc USA, Inc. v. HTC Am., Inc.*, No. C17-1558JLR, 2018 WL 2059565, at *2 (W.D. Wash. May 3, 2018) (finding no discernible prejudice to any plaintiff "because none of the four cases have progressed beyond Rule 12(b) motions or answers to the complaints."). To the contrary, consolidation here will ensure consistency and, ultimately, a more efficient resolution of the Related Actions. *See Marlow v. Hotchkiss*, No. 2:15-CV-0131-TOR, 2015 WL 5254250, at *2 (E.D. Wash. Sept. 9, 2015) (granting motion to consolidate, holding that "consolidation will not prejudice the parties as both matters are in similar procedural postures, involve the same factual allegations, present no conflicts of interest, and because resolution of the cases together will ensure consistency in the findings and conclusions of the Court.").

## CONCLUSION

The Related Actions are each pending in this District, ONU is a common party in both cases, both cases involve defendants' unauthorized use of ONU's SHINE trademarks, and there is substantial overlap in issues of law and fact. Consolidation will not prejudice any party but would instead lead to efficiencies and judicial economy. As such, the Court should grant ONU's motion, consolidate the Related Actions under a single caption and this case number, and direct ONU to file a consolidated complaint in the consolidated action.

Submitted this 17th day of January, 2024,

**KSB LITIGATION, P.S.**

By: *s/ William J. Schroeder*
William J. Schroeder, WSBA #7942
510 West Riverside Ave., Ste. 300
Spokane, WA 99201
william.schroeder@ksblit.legal
*Attorneys for Defendant/Counterclaim Plaintiff*

JASON ELSTER
**ELSTER & MCGRADY LLC**
Second Floor
3847 N. Lincoln Avenue
Chicago, IL 60613
(312) 515-5565
jason@elstermcgrady.com
*Attorneys for Defendant/Counterclaim Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

[NONE]

By: *s/ William J. Schroeder*
William J. Schroeder, WSBA #7942
510 West Riverside Ave., Ste. 300
Spokane, WA 99201
P (509) 624-8988
william.schroeder@ksblit.legal
*Attorneys for Defendant/Counterclaim Plaintiff*